FILED'08 JUL 17 08:36 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY JAY ROMERO,

       Petitioner,            Civil No. 07-727-CL

       v.                        REPORT AND
                                   RECOMMENDATION
BRIAN BELLEQUE,

       Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence for two counts of Robbery. Respondent moves to deny the petition and dismiss this proceeding.

    In November 2000, petitioner visited a Texaco gas station, acted as if he had a firearm and demanded money from the til. The clerk told petitioner that she could not open the til without him buying something, and after failing to produce enough money for a pack of cigarettes, petitioner left. Respondent's Exhibit 107, pp. 240-245. Petitioner's

1 - REPORT AND RECOMMENDATION

actions were recorded on a surveillance camera.

Approximately 15 minutes later, petitioner entered a nearby restaurant where he stuck his hand into his jacket to simulate a weapon and said to the owner, "Don't fuck with me or I'll blow you away." Id. at 206-207. Petitioner demanded money from the register and left the restaurant with approximately $300. Id. at 206-207. An eyewitness at the restaurant was able to describe petitioner and the owner later identified him via a photograph, as did the Texaco clerk. Id., at 218, and Exhibit 108, pp. 322-24.

Petitioner was charged with two counts of second degree robbery. Respondent's Exhibit 102. At trial, three eyewitnesses testified, identifying petitioner as the robber. Respondent's Exhibit 107, pp. 181, 211, 241. The videotape depicting petitioner threatening the Texaco clerk was introduced into evidence and viewed by the jury. Id., p. 251-52.

Petitioner was convicted of two counts of Second Degree Robbery and sentenced to 240 months. Respondent's Exhibit 101. Petitioner filed an appeal, but subsequently dismissed it. Respondent's Exhibit 112. Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel and prosecutorial misconduct. Respondent's Exhibit 114. The PCR court denied relief. Respondent's Exhibit 128. Petitioner appealed the decision, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court

2 - REPORT AND RECOMMENDATION

denied review. Respondent's Exhibits 135, 136.

Petitioner alleges as Ground One: "Blakely v. Washington (requesting Federal evidentiary hearing) Supporting facts: Sentences were imposed without any finding of facts by a jury beyond a reasonable doubt that would support departures."

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they

3 - REPORT AND RECOMMENDATION

are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. <u>Id</u>. at 486.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. <u>U.S. v. Frady</u>, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. <u>Id</u>.

4 - REPORT AND RECOMMENDATION

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

The appropriate forum for raising a sentencing challenge is a direct appeal. Although petitioner appealed his convictions, he did not raise a Blakely claim in his appeal. Moreover petitioner voluntarily dismissed the appeal and did not proceed to the Oregon Supreme Court.

Thus, petitioner procedurally defaulted his Blakely claim and has not established any cause and prejudice for his default, or demonstrated a "fundamental miscarriage of justice" resulted in his conviction (sentence). Therefore, this court should decline to consider petitioner's Ground One.[1]

Petitioner alleges as Ground Two: "Prosecutorial misconduct: Brady violation 'false arrest,' false written 'lie,' perjury testimony on affidavit, probable cause. Supporting facts: Withholding of Affidavit of Probable Cause and Affidavit of Probable Cause to Support Continued Detention of Defendant. Withholding of police report with informant

---

[1] Moreover, petitioner's Blakely claim fails on the merits. Petitioner was sentenced on October 26, 2001. Blakely was decided in 2004 and is not retroactive. See, Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005).

5 - REPORT AND RECOMMENDATION

statements claiming I admitted to doing these two specific robberies (illegible), perjury testimony by state witnesses fail to disclose evidence to the court in favor of petitioner." (sic).

Petitioner alleges as Ground Three: "Ineffective assistance of trial counsel and direct appeal counsel. Not raising my claim from trial court (illegible). Supporting facts: Fail to call to testify primary investigating officer, Kevin Felts. Fail to call D. Baker and Mgr. C. Ron Kenen, Mr. Said, from Texaco employee. Fail to collect discovery Affidavit of Probable Cause, fail to investigate CAD document from BOEL. Fail to disclose I was framed in count one and two. Fail to disclose surveillance video was tampered with." (sic).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) circumscribes a federal habeas review of a state court decision. See, Williams v. Taylor, 529 U.S. 362, 404 (2000). In passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "retrials" on federal habeas corpus review, and giving effect to state convictions to the extent permissible under the law. Id.

Thus, "a determination of a factual issue made by a state court is presumed correct "unless the petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); See also, Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). In addition, habeas relief may not be

6 - REPORT AND RECOMMENDATION

granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d), the court in <u>Williams v Taylor</u> noted that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. <u>Williams v Taylor</u>, <u>supra</u> at 404.

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The

7 - REPORT AND RECOMMENDATION

'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Thus, even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the

8 - REPORT AND RECOMMENDATION

controlling federal law."].

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997).

The specifics of the prosecutorial misconduct claim petitioner seeks to raise in this proceeding are unclear. Petitioner's claim regarding prosecutorial misconduct are set forth above include "Brady violation" 'false arrest,' false written 'lie,' perjury testimony on affidavit, probable cause."

The prosecutorial misconduct claim petitioner alleged in his state post-conviction proceeding is that the prosecutor failed to disclose exculpatory evidence relating to a video tape of the robbery and that the state submitted perjured testimony. Respondent's Exhibit 114, p. 5.[2]

The PCR court considered these claims and concluded "Petitioner failed to provide any evidence of prosecutorial misconduct. In particular, petitioner produced no evidence that the prosecutor had tampered with the videotape of the Texaco robbery ... Petitioner did not offer any evidence that

---

[2]Any other allegations of prosecutorial misconduct petitioner seeks to raise here which were not raised before the PCR court are procedurally defaulted (see above) and should not be considered.

9 - REPORT AND RECOMMENDATION

the State's witnesses had committed perjury."[3]

Petitioner argues that the videotape of the Texaco incident introduced as evidence at his trial was different from the version the state provided to the defense.

Petitioner was provided with a copy of the videotape prior to trial and his attorney had it examined by an expert, who according to petitioner determined that the tape showed a shadow of someone who may have been standing behind petitioner. However, it was not argued that the expert's findings included any indication of incompleteness or of tampering. Respondent's Exhibit 107, pp. 143-44. Petitioner did not object to the introduction of the tape at trial. Id. at 245. At the sentencing hearing petitioner claimed he saw "legs" on the videotape introduced at trial that were not visible on the copy provided to him. The court concluded: "I will let your videotape that you feel is different than the state's be made part of the record but I can't find that that occurred." Id. at p. 566-67.

At the post-conviction deposition, petitioner testified that the state's video included extra footage such as a key witness who could have aided petitioner had this individual been found. Respondent's Exhibit 119, pp. 6-9. Both the prosecutor and petitioner's trial counsel testified that they knew of no misconduct relating to the videotape. Respondent's

---

[3]The PCR court also concluded that petitioner was not a credible witness. Respondent's Exhibit 128, pp. 4, 6.

Exhibit 120, p. 1 and Exhibit 121.  Petitioner offered no evidence of tampering with the tape.

As set forth above, The PRC court concluded that petitioner failed to provide any evidence of prosecutorial misconduct and in particular petitioner produced no evidence that the prosecutor had tampered with the videotape.

Petitioner produced no evidence that the prosecutor introduced perjured evidence at trail.  The testimony of the robbery victims and eye witness that described and identified petitioner was consistent and consistent with the reports of the investigating officers.  The PCR court concluded that "Petitioner did not offer any evidence that the State's witnesses had committed perjury," Respondent's Exhibit 128, p. 4, and petitioner has not identified anything in the trial or post conviction record that would suggest perjured testimony or prosecutorial misconduct.

The PCR court factual findings regarding petitioner's prosecutorial misconduct claim are presumed correct because petitioner has not submitted any clear and convincing evidence to the contrary.  In addition, as discussed above, the PCR court factual findings are supported by the record before the court.

Petitioner has not demonstrated that the state court decision regarding his prosecutorial misconduct claim is "contrary to or an unreasonable application of federal law." Accordingly, petitioner's Ground Two should be denied.

11 - REPORT AND RECOMMENDATION

Petitioner alleges as Ground Three that his counsel was ineffective for failing to call certain witnesses, failing to conduct proper discovery, failing to adequately investigate certain matter, failing to disclose that petitioner was "framed," and failing to disclose that the videotape was tampered with.

Of these claims, petitioner raised only raised one during his state PCR proceeding - that his attorney was ineffective for failing to call Officer Felt as a witness. See, Respondent's Exhibit 114. Accordingly, the other claims of ineffective assistance are procedurally defaulted and not properly before the court.[4]

The PCR court considered petitioner's claim that his counsel should have called additional witnesses and concluded, "Petitioner failed to offer proof that there were exculpatory witnesses whom his trial attorney could have adduced, but did not." Respondent's Exhibit 128, p. 5. Petitioner did not brief this claim on appeal. See, Respondent's Exhibit 130. Therefore, petitioner arguably did not "fairly present it" to the appellate court, see, Bladwin v. Reese, 541 U.S. 27, 32 (2004), and it is procedurally defaulted.

Assuming that petitioner's Ground Three includes a claim or argument that his counsel was deficient for failing to call Officer Felts, it fails on the merits.

---

[4]Moreover I find that the defaulted claims are without merit.

12 - REPORT AND RECOMMENDATION

Petitioner's Petition (#2) Ground Three alleges that his counsel was deficient for failing to call "primary investigating Officer Kevin Felts" as a witness. In his brief, petitioner generally argues that his counsel "failed to subpoena material witnesses" but does not specifically identify Officer Felt as one of those witnesses or make any argument concerning Officer Felt. Memorandum in Support (#34) P. 14-15.

Petitioner's argument concerning his counsel's failure to subpoena material witnesses focuses on an alleged discrepancy in investigative reports and witness accounts of whether or not petitioner was wearing a hat at the time the robberies were committed. Id.

In Williams v. Taylor, 259 U.S. 362 (2000), the Supreme Court held that under the AEDPA, Strickland v. Washington, 466 U.S. 669 (1984), is the clearly established federal law that governs ineffective assistance of counsel claims. Williams, 529 U.S. at 391.

In order to establish an ineffective counsel claim under Strickland, a petitioner must prove (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688, 694.

I find that counsel's decision not to call the officer

13 - REPORT AND RECOMMENDATION

who investigated the case and gathered copious amounts of evidence against petitioner did not fall below an objective standard of reasonable representation. Moreover, petitioner has not demonstrated a reasonable probability that had Officer Felts testified that the outcome of the trial would have been different. In addition to the videotape depicting petitioner committing one of the crimes with he was charged, several eyewitnesses testified against petitioner. Even if Officer Felts had testified regarding minor inconsistencies in eyewitness accounts of the perpetrator's clothing, there is no likelihood that the jury would have reached a different verdict in view of the other evidence against petitioner.

The state court factual finding and conclusion regarding petitioner ineffective assistance of counsel claim is entitled to deference and is supported by the record before this court. Petitioner's Ground Three should be denied.

In summary, petitioner's Ground One was never presented to the highest state court and was thus procedurally defaulted. Petitioner has not established any cause and prejudice for the procedural default and this court is without jurisdiction to consider the claim. Moreover the claim fails on the merits. Petitioner's Ground Two and Ground Three were correctly decided on the merits in state court decisions that are entitled to deference under 28 U.S.C. § 2254(d) and (e)(1).

Petitioner's Petition (#1) should be denied. Petitioner's

14 - REPORT AND RECOMMENDATION

"alternative request" for an evidentiary hearing should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 16 day of July, 2008.

Mark D. Clarke
United States Magistrate Judge

15 - REPORT AND RECOMMENDATION